Fkeemak, J.,
delivered the opinion of the Court.
This is an action of replevin from the Circuit Court of Bedford County, brought by defendant in error for the recovery of certain slaves and other property, alleged to be wrongfully in possession of plaintiff in error.
The material facts in the case, are, that one Stephens, who owned the property at the time, on the 19th of November, 1860, conveyed it to Cooper, the defendant in error, in trust for the payment of certain debts in said deed mentioned. This deed was duly acknowledged and registered at ten minutes past eight o’clock on the morning' of the day of its execution. It appears, further, that Stephens, at the time he made the conveyance in trust, had knowledge of the attachment, which was afterwards levied on the property.
Vance, the plaintiff1 in error, was a Deputy Sheriff of Bedford County, and as such, on the 21st day of November, 1860, levied a judicial attachment on the property in controversy, issued by the Circuit Court of Bed-ford County, in favor of Eakin & Co.; said attachment having been ordered by the Court at August Term, 1860, against said Stephens and Alonzo Murphy.
The question presented in the case, is, which shall prevail, the title of Cooper under the deed of trust, or the right of Vance, the Deputy Sheriff, by virtue of the. levy of attachment.
The judicial'attachment under which Vance took possession of the property, on its face, recites the facts necessary to authorize the Court to issue it, and that “upon motion of plaintiff an order for judicial attachment was *95 awarded against said defendants — Now, therefore, you are commanded that of tbe goods and chattels, lands and tenements of the said defendant, to be found in. your county, to attach so much thereof as may be necessary to secure the debt of the plaintiff aforesaid.”
It will be seen that this attachment is directed against the “goods and chattels, lands and tenements of the defendants” generally. The Circuit Judge charged the jury, “that if the attachment had set out the property specifically, to be attached, then I would say the defendant had the superior title; but as it does not so set out the property, and the trust deed was executed and registered before the levy, I am of the opinion, the title acquired by the trust deed, is superior to that acquired by virtue of the levy.”
The jury found for the plaintiff below, and the case is here by appeal in the nature of a writ of error.
Was this charge given by the Court to the jury correct, is the question for our decision.
The order of the Court, under which the attachment issued, is recited in the writ in this case, and we think this is no error in his Honor’s charge of which plaintiff can complain. By 3507 of the Code, it is provided that “any transfer, sale or assignment made after the filing of an attachment bill in Chancery, or after the suing out of an attachment at law, of property mentioned in the bill or attachment, as against the plaintiff, shall be inoperative.”
We think there can be no difficulty in ascertaining the meaning of the section. “The sale, transfer or assign *96 ment, is inoperative” against the plaintiff, from the time of filing of the bill in Chancery, of property mentioned in the bill — that is, such specified property as appears on the face of the bill to be the object of the proceeding to reach, and to appropriate to the satisfaction of the claim or demand of the complainant.
The like provision is made in favor of attachments at law, and all sales, transfers and assignments are, as against .the plaintiff, inoperative and void from the suing out of the attachment, if properly mentioned in the attachment —that is, specially designated in that proceeding, and distinguished from the general estate of the defendant, as being sought to be appropriated to the satisfaction of the claims of the plaintiff in that case.
In cases at law, the lien is given from the time of suing out the attachment, as against the property mentioned in the attachment. The writ always following the order granting it, and reciting it, the property against which the attachment is sought will always readily be ascertained in the office of the court of justice granting it, and parties purchasing property of persons in doubtful circumstances, as is most usually the fact in such cases, may well be required to examine these offices to see if any liens have attached before purchasing.
We need not go further into the discussion of this question. The principle is properly settled by our predecessors, in an opinion by Judge Smith, in the case of’ Lacy & McGhee v. Moore, Lewie and Govan, 6 Cold., 348, where the former decision in this case is reviewed and overruled.
*97 His Honor, tbe Circuit Judge, having charged in accordance with this view, and the jury having rendered a verdict in accordance with that finding, we affirm the judgment of the Circuit Court.